United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40307
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MONTY MARCELLUS SHELTON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-81-ALL-LED
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Monty Marcellus Shelton appeals his conviction and sentence

for one count of possession with intent to distribute 500 grams

or more of methamphetamine and for two counts of being a felon in

possession of a firearm while under indictment.  21 U.S.C. § 841;

18 U.S.C. § 922(n).  He argues (1) that the evidence at trial was

insufficient to support his convictions, (2) that the testimony

of two police officers contained hearsay, in violation of his

rights under the Confrontation Clause of the Sixth Amendment, and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) that his sentence violates <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

The evidence at trial was overwhelming. The Government presented 12 witnesses, most of whom attested to Shelton's possession of large quantities of methamphetamine pills as well as his activities as a dealer of methamphetamine. One witness testified that Shelton was in possession of at least 30,000 methamphetamine pills. Another testified that approximately 5,000 methamphetamine pills were found in Shelton's vehicle. Witnesses also attested to Shelton's possession of the two shotguns charged in counts two and three. This argument is without merit. <u>See</u> <u>United States v. Payne</u>, 99 F.3d 1273, 1278 (5th Cir. 1996).

Shelton's argument that hearsay testimony was erroneously admitted at trial fails. Any error in admitting the testimony was harmless in light of the overwhelming evidence of his guilt. <u>See</u> <u>United States v. Cantu</u>, 167 F.3d 198, 203 (5th Cir. 1999).

Shelton's argument that his sentence is illegal under <u>Blakely</u> is foreclosed by this court's opinion in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.